IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VAHAN JALADIAN,

    Petitioner,                      No. CIV S-07-1930 JAM DAD P

    vs.

D.K. SISTO, et al.,

    Respondents.                   FINDINGS AND RECOMMENDATIONS

         Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss the petition as untimely filed. Petitioner has filed an opposition to that motion.

I. Procedural Background

         Petitioner challenges his 2002 conviction in the Sacramento County Superior Court on charges of felony assault (California Penal Code § 254(a)(1) - count one), forcible rape (California Penal Code § 261(a)(2) - count two), threatening a witness (California Penal Code § 136.1(c)(1) -count three), felony battery (California Penal Code § 24 (d) - count four), and making criminal threats (California Penal Code § 422 - count five). The jury also found that petitioner had inflicted great bodily injury in the commission of the assault (California Penal

/////

1  Code § 12022.7(e)).  Petitioner was sentenced to an aggregate term of ten years and eight months
2  in state prison.  (Mot. to Dismiss (MTD), Ex. A at 1.)

3        Petitioner appealed from his conviction to the California Court of Appeal for the
4  Third Appellate District.  On February 24, 2005, the judgment of conviction was affirmed.  (Id.,
5  Ex. A at 6.)

6        Petitioner then filed a petition for review with the California Supreme Court.  On
7  May 11, 2005, the California Supreme Court denied the petition without prejudice "to any relief
8  to which defendant might be entitled after this court determines in People v. Black, S126182, and
9  People v. Towne, S125677, the effect of Blakely v. Washington (2004) __ U.S. __[,] 124 S.Ct.
10 2531, on California law."  (MTD, Ex. B.)

11       Petitioner did not file a petition for writ of certiorari with the United States
12 Supreme Court.  Nonetheless, the judgment in his case did not became final until after the
13 expiration of the 90-day period within which petitioner could seek certiorari from the United
14 States Supreme Court.  See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  Thus, the
15 judgment became final on August 9, 2005.

16       On November 3, 2005, petitioner's habeas petition was constructively filed with
17 the Sacramento County Superior Court.[1]  The petition was filed by the court on November 10,
18 2005.  (Id., Ex. C at 1.)  On January 17, 2006, the petition was denied on the merits.  (Id., Ex. D.)

19       On March 28, 2006, petitioner's habeas petition was constructively filed with the
20 California Supreme Court.[2]  The petition (Case No. S142279) was filed by the court on April 3,
21 /////
22 /////

---

[1] The proof of service attached to the petition was signed by inmate Marcos Juarez on that date.  (MTD, Ex. C at 2.)

[2] Again, the proof of service attached to the petition was signed by inmate Marcos Juarez on that date, although the date petitioner signed the petition was March 29, 2006.  (Id., Ex. E at 5-6.)

2

2006. (Id., Ex. E at 1.) On December 13, 2006, the California Supreme Court denied the habeas petition without comment.[3]

On September 10, 2007, petitioner signed his federal habeas petition and it was filed by this court on September 17, 2007. On August 13, 2008, petitioner filed an amended petition which is the operative petition in this action.

II. Parties' Arguments

Respondent contends that the one-year statute of limitation for the filing of a federal habeas petition in this case began to run on August 9, 2005, when petitioner's judgment of conviction became final, and continued to run for 86 days until November 3, 2005, the date of the proof of service on petitioner's habeas petition filed with the Sacramento County Superior Court. (MTD at 3.) Respondent argues that petitioner is not entitled to statutory tolling for the period between the Superior Court's denial of that petition on January 18, 2006 and petitioner's filing of his habeas petition with the California Supreme Court on March 27, 2006, because the interval between those two events exceeded 60 days. (Id.) Therefore, according to respondent, the statute of limitations ran for another 68 days from January 18, 2006 to March 27, 2006. At that point, respondent calculates, petitioner had used 154 days (86 + 68 = 154) of the one-year statute of limitations, leaving him only 211 days to file his federal habeas petition. (Id. at 4.) The California Supreme Court denied the habeas petition before it on December 13, 2006, and according to respondent the statute of limitations expired 211 days later on July 12, 2007. (Id.) Respondent concludes that because petitioner did not sign his federal habeas petition until September 10, 2007, this action is untimely by approximately two months. (Id.)

/////

---

[3] In this regard, respondent refers the court to Exhibit F of the motion to dismiss. However, that exhibit is the California Supreme Court's decision denying petitioner's petition for review. A copy of the California Supreme Court's decision denying the habeas petition is attached to petitioner's original petition and petitioner has submitted another copy of that order with his opposition to the pending motion. (See Opp'n, Ex. A.)

In opposing the motion to dismiss, petitioner argues that the interval between the Sacramento County Superior Court's denial of his habeas petition and the filing of his habeas petition with the California Supreme Court was not unreasonable and should be subject to statutory tolling.[4]  (Opp'n at 2.)  Petitioner asserts that the California Supreme Court did not find his petition to be untimely and instead denied it on the merits.  (Id.)  Citing the U.S. Supreme Court's decision in <u>Evan v. Chavis</u>, 546 U.S. 189 (2006), petitioner argues that his 71-day delay in filing his next state habeas petition is, in any event,  not "'far longer'" than the 60 days referred to by the court in that case.  (Opp'n at 3.)  Petitioner also contends that he is entitled to equitable tolling.  (<u>Id</u>.)  In this regard, petitioner has submitted a declaration in which he explains that following the California Supreme Court's denial of his petition for review, he had spinal surgery on August 25, 2005 and was taking medications that made him "constantly drowsy and absent-minded."  (<u>Id</u>., Decl. at 1-2.)  Petitioner also states that he is an immigrant from Russia and is functionally illiterate.  (<u>Id</u>., Decl. at 1.)  He explains that he sought help from another inmate but had difficulty communicating with him when he was moved to another part of the facility after his habeas petition was denied by the Sacramento County Superior Court.  (<u>Id</u>., Decl. at 2.)  Petitioner also claims that he had difficulty obtaining access to the law library to have copies necessary to the filing of his petitions made.  (<u>Id.</u> at 2-3.)

III.  <u>The Statute of Limitations under the AEDPA</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  The period of limitation applies to all federal habeas petitions filed after the statute was enacted.

/////

---

[4] It appears that the actual period between January 17, 2006 and March 28, 2006 is 70 days rather than 71.  Whether that gap period is 68, 70 or 71 days, the slight difference in calculation is not critical to the resolution of the motion before the court.

Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Because this action was commenced in 2007, the AEDPA period of limitation is applicable to the petition before the court.

Pursuant to 28 U.S.C. § 2244(d)(1), the statute of limitations shall run from the latest of:

> (A) date on which judgment became final by the conclusion of direct review or that time period;
>
> (B) date on which the impediment to filing an application is removed;
>
> (C) date on which the constitutional right asserted was initially recognized by the Supreme Court; or
>
> (D) date on which the factual predicate of the claim(s) could have been discovered

The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In reviewing habeas petitions from California, the Ninth Circuit formerly employed a rule that where California courts did not explicitly dismiss a habeas petition for lack of timeliness, the petition was presumed timely. The Supreme Court has now rejected this approach and requires the lower federal courts to determine whether a state habeas petition was filed within what California would consider a reasonable period of time. Evans v. Chavis, 546 U.S. 189, 198 (2006). When a state post-conviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2). Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812 (2005)). See also Carey, 536 U.S. at 226. However, in the absence of a clear indication

that petitioner's state habeas petitions were denied as untimely, this court is now charged with the duty of independently determining whether petitioner filed his state habeas petitions within what California would consider a reasonable time. Chavis, 546 U.S. at 198.

IV. Analysis

As noted above, petitioner's judgment of conviction became final on August 9, 2005. The AEDPA statute of limitations for the filing of a federal habeas petition began to run on August 10, 2005, and continued to run for 85 days until petitioner filed his habeas petition with the Sacramento County Superior Court. The Superior Court denied the petition on January 17, 2006, and 70 days later, on March 28, 2006, petitioner filed a habeas petition with the California Supreme Court. The California Supreme Court summarily denied that petition.[5] Critical to petitioner is whether his habeas petition with the California Supreme Court was filed within a reasonable time so as to allow statutory tolling of that 70-day period.

Respondent relies on the decision in Evans v. Chavis and other lower court opinions as establishing that statutory tolling only applies if the interval between the denial of one state habeas action and the filing of a subsequent state habeas petition does not exceed 60 days. See MTD at 3-4 n.2. The undersigned disagrees. In Evans, the U.S. Supreme Court acknowledged that in California, a state prisoner may seek review of an adverse lower court decision by filing a habeas petition in a higher court, and that such a petition is timely if it is filed within a "'reasonable time.'" 546 U.S. at 192-93. Furthermore, in deciding in that case whether the three-year interval between the California Court of Appeal's denial and the filing of a habeas petition with the California Supreme Court was reasonable, the U.S. Supreme Court concluded that in "viewing every disputed issue most favorably to Chavis, there remains a totally

/////

---

[5] Petitioner is mistaken in asserting that the California Supreme Court denied his habeas petition on the merits. The court summarily denied the habeas petition. That does not mean that the petition was timely filed nor does it reflect a determination that the petition was filed within a reasonable time. See Evans v. Chavis, 546 U.S. 189, 197 (2006).

unexplained, hence unjustified, delay of at least six months." 546 U.S. at 201.  In that context, the Supreme Court stated as follows:

> Six months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court.  Saffold, supra, at 219, 122 S. Ct. 2134.  It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court, see Cal. App. Ct. Rule 28(e)(1) (2004).  We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable."  Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in Saffold.

Id.

Thus, "Evans made clear that an unexplained delay of six months between the denial of one California state court and a new filing in a higher California court was too long to permit tolling of the federal limitations period on the ground that state court proceedings were 'pending.'" Waldrip v. Hall, 548 F.3d 29, 735 (9th Cir. 2008).  However, "whether an unexcused delay, of greater than 30 to 60 days but less than six months, in filing a California state habeas petition would be considered 'reasonable' by the California court has been left to the lower federal courts to determine on habeas review." Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009).[6]

/////
/////
/////
/////

---

[6] One district court has determined that the following two-step analysis should be used to determine if a California petition is timely filed and entitled to gap tolling: "First, when the delay is between sixty days and six months, the court should ask whether an unexcused delay of the given duration is reasonable under California law.  Second, if the court concludes that the delay is unreasonable, then the federal court must go on to decide whether the petitioner has a good excuse for the delay." Gutierrez v. Dexter, No. CV 07-00122-MMM (MLG), 2008 WL 4822867 at *6 (C.D. Cal. Oct. 30, 2008).  See also Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009).

7

The Supreme Court's acknowledgment that such a determination may be difficult is well supported.[7] As the Ninth Circuit has noted:

> California's timeliness rule bars habeas petitions that are filed after 'substantial delay.' A habeas petitioner in California must justify any "significant" or "substantial" delay in seeking habeas corpus relief. Clark, 21 Cal. Rptr. 2d 509, 855 P.2d at 738, 750-51. There are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay.
>
> ***
>
> Clark did nothing to clarify the application of the basic "substantial delay" standard with regard to noncapital cases. Furthermore, the Clark exceptions, specifying when review can be granted despite "substantial delay," do nothing to clarify the "substantial delay" standard itself.

King v. LaMarque, 464 F.3d 963, 966 (9th Cir. 2006).

In light of these ambiguous standards with respect to timeliness under California law, inconsistent application among California courts is not surprising. Id. Thus, in an earlier Ninth Circuit decision it was observed:

/////

---

[7] In what can fairly be characterized as a profound understatement, the Supreme Court recognized that "[g]iven the uncertain scope of California's 'reasonable time' standard, it may not be easy for the [lower federal courts] to decide in each such case whether the petitioner's state-court review petition was timely." Chavis, 546 U.S. at 199. In Bonner v. Carey, the Ninth Circuit noted that it was ironic that the complicated procedure necessitated under the Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005) derives from the AEDPA a statute purportedly designed to streamline and simplify the complicated habeas process. 425 F.3d 1145, 1149 n.20 (9th Cir. 2005). As this court has noted before, the same observation is applicable to the case-by-case analysis that federal courts in California must now engage in under Evans v. Chavis to determine whether state habeas petitions were filed within what California courts would have deemed to be a "reasonable time" had they elected to consider the issue. See Thomas v. Scribner, No. CIV S-04-0733 MCE DAD P, 2006 WL 2711667, *6, n.14 (E.D. Cal. Sept. 21, 2006). All the while it becomes more and more clear that the most simple and streamlined procedure to address the vast majority of federal habeas petitions would be to address the merits. Indeed, in the undersigned's experience, that is in fact what the California Court of Appeals and California Supreme Court elect to do in resolving the vast majority of state habeas petitions which come before those courts.

> For example, Morales asserts that at the time his case was litigated in the district court, the California Supreme Court had denied 35 habeas petitions filed three years or more after affirmance on direct appeal, and more than half of those denials had not been on grounds of untimeliness. Only 6 cases had been denied on untimeliness alone. The State does not dispute these figures[.]
>
> ***
>
> It is theoretically possible, we suppose, to reconcile and explain all of the California Supreme Court decisions entertaining on the merits or rejecting as untimely petitions that are three or more years old. Those divergent decisions may indeed represent consistent exercises of discretion rather than random applications of or exceptions to the timeliness rule. But we have no way of knowing whether that is the case. The California Supreme Court's denials of habeas petitions that Morales relies upon were accomplished by brief minute entries in what has been described as "post-card denial." We can discern no apparent relationship between the time of delay and the findings concerning timeliness. Nor could Morales be expected to do so.

Morales v. Calderon, 85 F.3d 1387, 1391-92 (9th Cir. 1996). See also King, 464 F.3d at 966.

In considering whether California courts would have found the habeas petition at issue in this case untimely had they elected to consider the issue, it is also important to note that petitioner's case is not a capital case. California has been most concerned with the timeliness of habeas petitions in capital cases, providing a presumptive time period for timeliness applicable only to such cases. See Chavis, 546 U.S. at 202 & 209 (Stevens, J., concurring) (quoting Cal. Rules of Court Policy Statement 3, std. 1-1.1 (Deering 2005) ("A petition for a writ of habeas corpus [in a capital case] will be presumed to be filed without substantial delay if it is filed within 180 days after the final due date for the filing of appellant's reply brief on the direct appeal . . . .")). However, "California's time limit for the filing of a habeas corpus petition in a noncapital case is more forgiving and more flexible than that employed by most states." Chavis, 546 U.S. at 202 (Stevens, J., concurring).

The undersigned recognizes that the United States Supreme Court found in Chavis an unexplained six-month gap between the filing of habeas petitions in California courts was unreasonable and therefore untimely, presumably, as a matter of California law. 546 U.S. 201.

1  That conclusion was based, at least in part, on the notion that six months is longer than the 30 to
2  60 days allowed by most states for the filing of an appeal to their state supreme courts and longer
3  than the ten days California provides for the filing of a notice of appeal. Id. However, in
4  attempting to predict what California courts would find reasonable, time limits for the filing of
5  notices of appeal under state law have little application. More important to resolution of the
6  pending motion to dismiss is the Supreme Court's holding in Saffold that the four and a half
7  month delay between the denial of the petitioner's habeas petition by the California Court of
8  Appeal and the filing of his habeas petition with the California Supreme Court was not
9  necessarily unreasonable and therefore did not necessarily render the petition to the California
10 Supreme Court untimely under California law for federal statute of limitations purposes. See
11 Saffold, 536 U.S. at 226; see also Chavis, 546 U.S. at 209 (Stevens, J., concurring).

12        Here, the 70 days between the Superior Court's denial of petitioner's habeas
13 petition and the filing of his habeas petition with the California Supreme Court is far less than the
14 six month period of unexplained delay that the Supreme Court in Evans found to be
15 unreasonable. In addition, in this case petitioner has provided a detailed explanation and
16 justification for his 70-day delay in proceeding to the California Supreme Court with his
17 petition.[8] Respondent has not filed a reply to rebut in any way petitioner's explanations for the
18 brief delay in filing his petition with the California Supreme Court.

19        Based on the circumstances in this case, the court cannot conclude that if the
20 California courts had considered the issue, they would have determined that the habeas petition
21 with the California Supreme Court was not filed within a "reasonable time." Cf. e.g., Gaston v.

---

[8] As noted above, petitioner has stated under penalty of perjury in his declaration that he is functionally illiterate and needed the assistance of another inmate to help him with his court petitions. (Opp'n, Decl. at 1-2.) He also explains that after his Superior Court petition was denied, he was moved to another part of the prison facility and had limited contact with the inmate who had been assisting him. (Id. at 2.) In addition, petitioner indicates that following his spinal surgery on August 25, 2005, he continued to suffer from limited mobility, pain and the effects of his medication which impaired his memory and made him drowsy. (Id. at 1.)

1  Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (unexplained delays of eighteen, fifteen, and ten
2  months between habeas filings are unreasonable and not subject to interval tolling).[9]  As the
3  district court noted in Gutierrez, California courts have excused long delays "where the petitioner
4  was uneducated, was ignorant of legal rights and procedures" and "[t]he United Supreme Court
5  has also implied that a delay may be excused if the prisoner was unable to access the prison law
6  library due to scheduling conflicts or prison lockdowns." 2008 WL at *5.

7  Petitioner in this case is therefore entitled to tolling of the entire 70-day period
8  between the denial of his habeas petition by the Superior Court and his filing of his habeas
9  petition in the California Supreme Court.  See Warburton v. Walker, 548 F. Supp. 2d 835, 840
10 (C.D. Cal. 2008) (69-day delay found to be reasonable) White v. Ollison, 530 F. Supp. 2d 1077,
11 1083 (C.D. Cal. 2007) (76-day delay to resubmit petition on a proper form after Clerk of the
12 Court refused to file it was not unexplained and was therefore subject to tolling); Bui v.

---

[9] Not surprising in light of the uncertain scope of California's 'reasonable time' standard, no consensus has emerged among district courts in California even as to the length of unexplained delay which is unreasonable in the wake of the decision in Chavis. Osumi v. Giurbino, 445 F. Supp. 2d 1152, 1158-59 (C.D. Cal. 2006) (96 and 98-day intervals between decision and filing of the next petition not unreasonable); Reddick v. Felker, No. Civ S-07-1147 JAM KJM P, 2008 WL 4754812, *3 (E.D. Cal. Oct. 29, 2008) (64-day delay is not unreasonable and is subject to statutory tolling); Payne v. Davis, No. C 06-5310 SBA (PR), 2008 WL 941969, *4 (N.D. Cal. Mar. 31, 2008) (63-day delay "well-within" the reasonable delay contemplated in Evans); Terrell v. Woodford, No. CIV S-07-0784 LKK EFB P, 2008 WL 508490, *6 (E.D. Cal. Feb. 22, 2008) (68-day interval found reasonable); Skoor v. Tilton, No. CIV 06-1601, 2008 WL 152144, *19 (S.D. Cal. Jan. 16, 2008) (six-month delay neither unjustified nor unreasonable under Chavis); Stowers v. Evans, No. CIV S-05-2067 MCE GGH P, 2006 WL 829140, *2-3 (E.D. Cal. Mar. 29, 2006) (87-day interval between denial and subsequent filing not unreasonable); Lor v. Kramer, No. CV F-05-1556 AWI SMS HC, 2007 WL 1723300, *1 (E.D. Cal. June 13, 2007) (140-day interval found unreasonable but suggesting 88-day passage of time between denial and filing of the next petition was not unreasonable); Rodriguez v. Scribner, No. CV F-04-5530 DLB HC, 2006 WL 3762117, *5 (E.D. Cal. Dec. 20, 2006) (tolling 60 days of a 235-day delay in proceeding between levels of state habeas review because "the California Supreme Court would no doubt have found [it] reasonable"); but see Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009) (unexplained 123-day delay would be found unreasonable by California courts); Forrister v. Woodford, No. CV F-05-00170 LJO WMW HC, 2007 WL 809991, *3 (E.D. Cal. Mar. 15, 2007) (88 day gap found unreasonable); Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (71 and 97-day periods found unreasonable).  Of course, here the 70-day period between the denial and the next filing has been explained.

1  Hedgpeth, 516 F. Supp. 2d 1170, 1174-76 (C.D. Cal. 2007) (83-day delay to conduct additional

2  research and 158-day delay due to difficulties in obtaining photocopies properly tolled); Roeung

3  v. Felker, 484 F. Supp. 2d 1081, 1084-85 (C.D. Cal. 2007) (six-month delay to conduct further

4  research and expand petition properly tolled); Haynes v. Carey, No. Civ. S-07-0484 LKK DAD

5  P, 2007 WL 3046008, *3-*5 & n.3 (E.D. Cal. Oct. 18, 2007) (170-day gap between denial of

6  relief and filing of the next petition was explained by prison law library closures and library

7  access limited by lock downs, staff meetings, training and schedule irregularities and therefore

8  was subject to tolling); Burke v. Campbell, No. Civ. S-06-0459 FCD DAD P, 2006 WL 3589510

9  (E.D. Cal. Dec. 11, 2006) (significant delays explained by limited prison law library access,

10  complexity of legal issues to be raised, serious medical conditions and other legal actions against

11  which petitioner was forced to defend properly subject to tolling where respondent failed to rebut

12  the explanations).

13         With the tolling of the 70 days in question, it is clear that the pending petition was

14  timely filed. Accordingly, respondent's motion to dismiss should be denied.

15  CONCLUSION

16         In accordance with the above, IT IS HEREBY RECOMMENDED that:

17         1. Respondent Sisto's November 20, 2008 motion to dismiss (Doc. No. 15) be

18  denied; and

19         2. Respondents be ordered to file their answer.

20         These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties. Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

25  shall be served and filed within ten days after service of the objections. The parties are advised

26  /////

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: July 27, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jala1930.mtd

13